IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIKEL YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1690-S-BN |
| | § | |
| TEAMSTERS 767, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Mikel Young filed a *pro se* complaint against Defendant Teamsters 767, his labor union, alleging claims of discrimination and retaliation against the union but attaching a charge that he filed with the Texas Workforce Commission limited to claims of discrimination based on race, age, and disability. *See* Dkt. No. 3; *see id.* at 2 (alleging in the charge: "I worked for UPS for twenty-two (22) years and was represented by the union, Teamsters 767. I filed grievances regarding discrimination and the union failed to represent me. On or about May 13, 2021, I was discharged. To date, the union fails to represent me.").

Young amended his complaint through verified answers to screening questionnaires. *See* Dkt. Nos. 7, 8, 11, 13, & 14.

The Court ordered service. *See* Dkt. Nos. 9, 10, 15-17, & 23. Teamsters Local 767 then moved to dismiss the complaint as amended. *See* Dkt. Nos. 18-20. And Young failed to respond to the motion as allowed by an order of the Court. *See* Dkt. No. 21.

This lawsuit is now referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge. *See also* Dkt. No. 22.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should grant the motion to dismiss and dismiss this lawsuit with prejudice.

## Legal Standards

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see also Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

As these cases reflect, Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels;

threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

In sum, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities*, 920 F.3d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citation omitted)).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

"To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would '"transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."' *Jones v. Mangrum*, No. 3:16-

cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the

pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g., Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2).

Because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

## Analysis

Young alleges that his labor union failed to represent him because of his race, his age, and a disability, in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). *See, e.g.*, Dkt. No. 3 at 3. *Cf. Atencio v. Torres*, No. 3:19-cv-00011, 2020 WL 1646884, at *2 (S.D. Tex. Mar. 25, 2020) (Title VII, for example, "imposes liability on employers and labor unions that violate the act's provisions," noting that "[t]he definition of 'labor organization' mirrors the definition of 'employer' under the act" (citations omitted)).

To plausibly allege – and ultimately prove – claims under Title VII, the ADEA, and the ADA, Young must rely on direct evidence and/or proceed under a burden-shifting analysis. *See Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010) ("In employment discrimination cases, a plaintiff may rely on direct or

circumstantial evidence, or both." (footnote omitted)).

"[D]irect evidence is rare" and has been defined by the Fifth Circuit "as evidence which, if believed, proves the fact without inference or presumption." *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (cleaned up).

For example, "[a] statement or document which shows on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination." *Id.* (cleaned up). While comments that require "inference or presumption are considered only stray remarks." *Price v. Valvoline, L.L.C.*, 88 F.4th 1062, 1065 (5th Cir. 2023) (cleaned up; quoting *Etienne v. Spanish Lake Truck & Casino Plaza, LLC*, 778 F.3d 473, 476 (5th Cir. 2015) (describing the "ultimate focus" "[t]o determine whether comments in the workplace constitute direct evidence, or only stray remarks," is "whether the comments prove, without inference or presumption, that race was a basis in employment decisions in the plaintiff's workplace" (cleaned up))).

Insofar as Young's allegations reflect a lack of direct evidence, the first step in the burden-shifting analysis requires a plaintiff to articulate a prima facie case as to each cause of action.

A plaintiff need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

But a plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467,

470 (5th Cir. 2016) (citations omitted).

A district court may therefore rely on the prima facie elements "to frame [its] inquiry" at the pleading stage. *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a plaintiff pleads discriminatory intent." (cleaned up)).

So, at this stage, the Court must ask whether Young has pled enough facts, accepted as true, to plausibly allege each employment-based claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002).

And, if he "has not pled such facts," it is "proper[ to] dismiss" that claim. *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

> The prima facie elements of a Title VII discrimination claim are that a plaintiff
>
> > (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated

- 9 -

employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citation omitted); *see also Wesley v. Gen. Drivers, Warehousemen & Helpers Local 745*, 660 F.3d 211, 214 (5th Cir. 2011) (setting out that a prima facie racial discrimination claim against a union requires a plaintiff to "show that he was subjected to an adverse union action" and "show that he was treated less favorably by the union than employees of different races").

As to a claim of age discrimination, "[t]he prima facie elements of a cause of action for violation of the ADEA are, the plaintiff: 1) is within the protected class; 2) is qualified for the position; 3) suffered an adverse employment decision; and 4) was replaced by someone younger or treated less favorably than similarly situated younger employees." *Saunders v. Hous. Foam Plastics*, No. SA-23-CV-00156-XR, 2023 WL 3313118, at *5 (W.D. Tex. May 5, 2023) (citing *Leal v. McHugh*, 731 F.3d 405, 410-11 (5th Cir. 2013)).

And, to plead a plausible claim of ADA discrimination, a plaintiff must provide facts to support "(1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014)).

Other than alleging that he is black, Young fails to offer facts on the required elements set out above beyond assertions (without more) that he believes that he was discriminated against because of his race, his age (which he fails to allege), and a disability (which he also fails to allege).

He has therefore failed to plausibly plead that he was treated less favorably by the union than a similarly situated employee outside a protected class claimed by Young.

And, to the extent that Young's complaint as amended includes a claim that the union discriminated or retaliated against him for filing a workers' compensation claim in violation of Chapter 451 of the Texas Labor Code, where Young fails to allege that the union is also his workers' compensation provider, that Chapter does not seem to apply to "a defendant that did not provide [the employee's] workers' compensation benefits." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 242 (5th Cir. 2015) (discussing *Tex. Mex. Ry. Co. v. Bouchet*, 963 S.W.2d 52 (Tex. 1998)).

The Court should therefore grant the motion to dismiss.

The procedural history of this action reflects that Young has stated his best case – through multiple verified answers to the Court's screening questionnaires and where Young failed to respond to the motion to dismiss. *See Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) ("Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. Rule 15(a) provides that leave to amend shall be freely given when justice so requires. The language of this rule evinces a bias in favor of granting leave to amend. Granting leave to amend, however, is not required if the plaintiff has already pleaded her best case. A plaintiff has pleaded her best case after she is apprised of the insufficiency of her complaint. A plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended

complaint to overcome the deficiencies identified by the court. Similarly, a district court need not grant a futile motion to amend." (cleaned up)).

So the Court should dismiss the complaint as amended with prejudice.

That said, the opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Young still another chance to show that this case should not be dismissed with prejudice and that the Court should instead grant him further leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

**Recommendation**

The Court should grant Defendant Teamsters Local 767's motion to dismiss the complaint [Dkt. No. 18] and dismiss this lawsuit with prejudice unless Plaintiff Mikel Young demonstrates a basis to allow leave to amend through timely objections to these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 23, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE